**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4271**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

NJUH VALENTINE FOMBE, a/k/a Unku Valentine,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:19-cr-00452-DKC-1)

_____

Submitted:  September 24, 2025                Decided:  December 15, 2025

_____

Before KING, RUSHING, and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Brent E. Newton, Gaithersburg, Maryland, for Appellant.  Erek L. Barron, United States Attorney, David C. Bornstein, Assistant United States Attorney, Jefferson M. Gray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Njuh Valentine Fombe pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1343; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and aggravated identity theft, in violation of 18 U.S.C. § 1028A. The district court sentenced him to 120 months' imprisonment for each of the conspiracy offenses, to be served concurrently, and a consecutive 24-month statutory sentence for the aggravated identity theft.

On appeal, Fombe contends that the district court erroneously considered the intended loss in determining his advisory imprisonment range under the Sentencing Guidelines and that the court unconstitutionally delegated core judicial functions to the probation officer in two of the conditions of his supervised release. We affirm.

In computing Fombe's offense level for the conspiracy counts, the district court applied a 16-level enhancement based on its finding that the amount of intended loss reasonably foreseeable to Fombe exceeded $1.5 million. See U.S. Sentencing Guidelines Manual §§ 2S1.1(a)(2), 2B1.1(b)(1)(I) & cmt. n.3(A) (2023). Fombe challenges the district court's consideration of the Guidelines' commentary's definition of "loss" to include intended loss[1] in its calculation of his advisory imprisonment range. He relies on United States v. Banks, 55 F.4th 246, 257-58 (3d Cir. 2022), in which the Third Circuit

---

[1] The 2023 commentary to § 2B1.1 defined "loss" as "the greater of actual loss or intended loss." USSG § 2B1.1 cmt. n.3(A). "Actual loss" was defined as the "reasonably foreseeable pecuniary harm that resulted from the offense," and "[i]ntended loss" as "the pecuniary harm that the defendant purposely sought to inflict," including "intended pecuniary harm that would have been impossible or unlikely to occur." Id. cmt. 3(A)(ii).

2

held that, following *Kisor v. Wilkie*, 588 U.S. 558 (2019), the ordinary meaning of "loss" under USSG § 2B1.1(b)(1) means "actual loss" and does not include "intended loss" as permitted by the commentary to that Guideline. However, Fombe's challenge to the computation of his loss amount is squarely foreclosed by binding circuit precedent. *United States v. Boler*, 115 F.4th 316, 328-29 (4th Cir. 2024) (holding that a district court may properly defer to the Guidelines' commentary and consider the defendant's full intended loss amount to calculate his offense level under USSG § 2B1.1); *see Payne v. Taslimi*, 998 F.3d 648, 654 (4th Cir. 2021) ("[W]e must apply [prior panel precedents] as a mechanical mandate.").

Fombe next contests two conditions of his supervised release. Specifically, he asserts that by delegating to his probation officer the discretion to supervise his participation in mental health and substance abuse treatment, including deciding the "provider, location, modality, duration, intensity, etc." of each, the district court unconstitutionally gave the probation officer authority to require in-patient treatment. We recently decided in *United States v. Williams*, 130 F.4th 177, 187 (4th Cir. 2025), *petition for cert. filed*, No. 24-7014 (U.S. Apr. 16, 2025), that delegating authority to the probation officer to determine "provider, location, modality, duration, intensity, etc." of mental health and substance abuse treatment programs was not an unconstitutional delegation of a core judicial function but merely a proper delegation of administrative responsibilities.[2]

---

[2] We also concluded in *Williams* that the two parentheticals "(provider, location, modality, duration, intensity, etc.)," which, as here, were included in the supervised release conditions in the written judgment but were not orally pronounced at sentencing, were

3

Therefore, Fombe's challenge to identically-worded supervised release conditions in his criminal judgment is foreclosed by binding circuit precedent. *See id.* at 186-87.

Lastly, Fombe filed a motion for leave to file a pro se supplemental brief. Because Fombe is represented by counsel who has filed merits briefs in this appeal, we deny his motion to file a pro se supplemental brief. *See United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018) ("[A]n appellant who is represented by counsel has no right to file pro se briefs or raise additional substantive issues in an appeal.").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

"clarifying parentheticals." *Id.*; *see United States v. Rogers*, 961 F.3d 291, 299 (4th Cir. 2020) (a written condition that "may be construed fairly as a clarification of an otherwise vague oral pronouncement" does not violate a defendant's right to be present at sentencing (citation modified)).